**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| NAVIGATOR HEARTLAND GREENWAY LLC, | CASE NO.: 4:23-cv-272 |
| Plaintiff, | |
| v. | |
| STORY COUNTY, IOWA and STORY COUNTY BOARD OF SUPERVISORS, | **ANSWER** |
| Defendants. | |

Defendants Story County, Iowa and Story County Board of Supervisors (the "County"), for their Answer to Plaintiff Navigator Heartland Greenway LLC's ("Navigator") Complaint, state as follows:

## NATURE OF THE CASE

1.      This paragraph contains Navigator's statement of the case and legal arguments to which no response is required. To the extent a response is required, this paragraph is denied.

2.      Admitted that Navigator is seeking to develop an interstate carbon dioxide pipeline through Iowa. Admitted that on May 16, 2023, the County approved Ordinance No. 311, a zoning ordinance regulating the use of land for hazardous liquid pipeline. The zoning ordinance speaks for itself and this paragraph is otherwise denied.

3.      Admitted that hazardous liquid pipelines are subject to state and federal regulation. This paragraph is otherwise denied.

4.      Admitted that the Pipeline Safety Act provides that a state authority may not adopt or enforce "safety standards," which are defined as standards applicable to owners or operators of

pipeline facilities relating to "the design, installation, inspection, emergency plans and procedures, testing, construction, extension, operation, replacement, and maintenance of pipeline facilities." 49 U.S.C. § 60102(a)(2).  This paragraph is otherwise denied.

5.      Admitted that Navigator's proposed pipeline will be subject to federal "safety standards" adopted by PHMSA.  In further response, the County states that Navigator is subject to state and local regulation of pipeline routing and location because the Pipeline Safety Act withholds such authority from the U.S. Department of Transportation.  *See* 49 U.S.C. § 60104(e).

6.      Admitted that Iowa Code chapter 479B grants IUB authority "to approve the location and route" of hazardous liquid pipelines and establishes a state permitting process.  This paragraph is otherwise denied.   In further response, the County states that IUB's own regulations confirm that IUB has "primary," not exclusive, authority over the routing of pipelines.  Iowa Admin. Code r. 199-13.12(1).

7.      Admitted that Iowa Code chapter 479B contemplates county involvement.  This paragraph is otherwise denied.

8.      Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

9.      Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

10.     Iowa law speaks for itself and this paragraph is otherwise denied.

11.     Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

12.     Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

13.     Admitted that the County submitted an objection to IUB.

14.     Admitted that the County passed Ordinance No. 311 on May 16, 2023.  This paragraph is otherwise denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     The decision in *Couser v. Shelby County* speaks for itself and this paragraph is otherwise denied.

20.     This paragraph contains Navigator's statement of the case and legal arguments to which no response is required.  To the extent a response is required, this paragraph is denied.

## PARTIES

21.     Admitted.

22.     Admitted.

23.     Admitted.

## JURISDICTION & VENUE

24.     Admitted.

25.     Admitted.

26.     Admitted.

27.     Admitted.

28.     Admitted that the Court has the power to issue declaratory and injunctive relief. Denied that Navigator is entitled to the relief requested in the Complaint.

## FACTUAL ALLEGATIONS

29.     Denied for lack of information.

30.     Denied for lack of information.

31.     Denied for lack of information.

32.     Admitted that Navigator is proposing to develop an interstate carbon dioxide pipeline.  This paragraph is otherwise denied for lack of information.

33.     Denied for lack of information.

34.     Denied for lack of information.

35.     Denied for lack of information.

36.     Denied for lack of information.

37.     Denied for lack of information.

38.     Denied for lack of information.

39.     Denied for lack of information.

40.     Denied for lack of information.

41.     Denied for lack of information.

42.     Admitted that hazardous liquid pipelines are subject to Iowa Code chapter 479B.

43.     Denied.

44.     Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

45.     Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

46.     Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

47.     Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

48.     Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

49.     Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

50.     Admitted that Navigator filed a Petition for Hazardous Liquid Pipeline Permit with IUB.  This paragraph is otherwise denied.

51.     Denied.  Federal law does not regulate the location or routing of pipeline facilities. *See* 49 U.S.C. § 60104(e).

52.     Denied for lack of information.

53.     Denied for lack of information.

54.     Denied for lack of information.

55.     Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

56.     Admitted that the County submitted an objection to the pipeline and has not intervened in the IUB proceeding.

57.     Admitted that on October 25, 2022, the County adopted Ordinance No. 306, an amendment of the Story County Zoning Ordinance regulating the use of land for hazardous materials pipelines.  In further response, the County states that the County's subsequent adoption of Ordinance No. 311 repealed and replaced most of the amendments previously made by Ordinance No. 306.  This paragraph is otherwise denied.

58.     Ordinance No. 306 speaks for itself and this paragraph is otherwise denied.

59.     The memorandum from the County's Planning and Development Director speaks for itself and this paragraph is otherwise denied.

60.     Admitted that Navigator initiated litigation against the County claiming Ordinance No. 306 was preempted by state and federal law.

61.     Admitted.

62.     Ordinance No. 311 speaks for itself and this paragraph is otherwise denied.

63.     Ordinance No. 311 speaks for itself and this paragraph is otherwise denied.

64.     Ordinance No. 311 speaks for itself and this paragraph is otherwise denied.

65.     Ordinance No. 311 speaks for itself and this paragraph is otherwise denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Admitted that the purpose of the Pipeline Safety Act is to promote safety.  This paragraph is otherwise denied.

70.     Denied.

71.     Denied for lack of information.

72.     Admitted that the Pipeline Safety Act exclusively regulates "safety standards" for interstate hazardous liquid pipelines.  In further response, the County states that Navigator is subject to state and local regulation of pipeline routing and location because the Pipeline Safety Act withholds such authority from the U.S. Department of Transportation.  *See* 49 U.S.C. § 60104(e).

73.     Admitted that Navigator's proposed pipeline will be subject to federal "safety standards" adopted by the Pipeline and Hazardous Materials Safety Administration ("PHMSA"). This paragraph is otherwise denied.

74.     Admitted that this paragraph quotes a portion of the statute.

75.     Admitted that this paragraph quotes a portion of the statute.

76.     Admitted that the U.S. Department of Transportation has delegated its authority to adopt "safety standards" pursuant to the Pipeline Safety Act to PHMSA.  Admitted that this paragraph quotes a portion of a federal regulation.

77.     Admitted that the Pipeline Safety Act provides that a state authority may not adopt or enforce "safety standards," which are defined as standards applicable to owners or operators of pipeline facilities relating to "the design, installation, inspection, emergency plans and procedures, testing, construction, extension, operation, replacement, and maintenance of pipeline facilities." 49 U.S.C. § 60102(a)(2).  In further response, the County states that Navigator is subject to state

and local regulation of pipeline routing and location because the Pipeline Safety Act withholds such authority from the U.S. Department of Transportation.  *See* 49 U.S.C. § 60104(e).

78.    Admitted that Navigator's proposed pipeline will be subject to regulation under the Pipeline Safety Act.  This paragraph is otherwise denied for lack of information.

79.    Denied.

80.    Admitted that PHMSA has adopted regulations for hazardous liquid pipelines at 49 C.F.R. Part 195.  This paragraph is otherwise denied.

81.    The regulations speak for themselves and this paragraph is otherwise denied.

82.    The regulations speak for themselves and this paragraph is otherwise denied.

83.    The regulations speak for themselves and this paragraph is otherwise denied.

84.    The regulations speak for themselves and this paragraph is otherwise denied.  In further response, the County states that the cited regulation is a depth of cover regulation.  To the extent it purports to regulate pipeline location or routing, it is *ultra vires.  See* 49 U.S.C. § 60104(e) (providing that "[t]his chapter does not authorize the Secretary of Transportation to prescribe the location or routing of a pipeline facility.").

85.    The regulations speak for themselves and this paragraph is otherwise denied.

86.    Admitted that Navigator has accurately quoted from the Eighth Circuit decision in *ANR Pipeline*.  This paragraph is otherwise denied.

87.    Admitted that the preemption provision in the Pipeline Safety Act applies to counties.

88.    Admitted that the Pipeline Safety Act provides that a state authority may not adopt or enforce "safety standards," which are defined as standards applicable to owners or operators of pipeline facilities relating to "the design, installation, inspection, emergency plans and procedures,

testing, construction, extension, operation, replacement, and maintenance of pipeline facilities." 49 U.S.C. § 60102(a)(2).  In further response, the County states that Navigator is subject to state and local regulation of pipeline routing and location because the Pipeline Safety Act withholds such authority from the U.S. Department of Transportation.  *See* 49 U.S.C. § 60104(e).

89.     Admitted that the preemption provision in the Pipeline Safety Act applies to counties.

90.     Denied.

91.     Denied.  The cited regulation is a depth of cover regulation.  To the extent it purports to regulate pipeline location or routing, it is *ultra vires*.  *See* 49 U.S.C. § 60104(e) (providing that "[t]his chapter does not authorize the Secretary of Transportation to prescribe the location or routing of a pipeline facility.").

92.     Denied.

93.     Ordinance No. 306 speaks for itself and this paragraph is otherwise denied.

94.     Ordinance No. 311 speaks for itself and this paragraph is otherwise denied.

95.     Denied.  In further response, the County states that Navigator is subject to state and local regulation of pipeline routing and location because the Pipeline Safety Act withholds such authority from the U.S. Department of Transportation.  *See* 49 U.S.C. § 60104(e).

96.     Denied.

97.     Denied.

98.     Admitted that Navigator's proposed pipeline is subject to state laws and regulations.

99.     Denied.  IUB's own regulations confirm that IUB has "primary," not exclusive, authority over location and routing of pipelines.  Iowa Admin. Code r. 199-13.12(1).

100.    Admitted that this paragraph quotes a portion of the statute.

101.    Admitted that IUB has adopted regulations.  This paragraph is otherwise denied.

102.    Admitted that this paragraph quotes a portion of the statute.

103.    Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

## COUNT I: DECLARATORY JUDGMENT

## FEDERAL PREEMPTION OF THE ORDINANCE

112.    The County incorporates by reference its responses to all preceding paragraphs.

113.    Admitted.

114.    This paragraph contains legal arguments to which no response is required.  To the extent a response is required, this paragraph is denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    This paragraph contains Navigator's statement of the case and legal arguments to which no response is required.  To the extent a response is required, this paragraph is denied.

## COUNT II: DECLARATORY JUDGMENT

## STATE PREEMPTION OF THE ORDINANCE

119.    The County incorporates by reference its responses to all preceding paragraphs.

120.    Iowa Code chapter 479B speaks for itself and this paragraph is otherwise denied.

121.    Admitted that Iowa Code chapter 479B sets forth the process for obtaining a state permit from IUB.  This paragraph is otherwise denied.

122.    Admitted that setbacks can impact the location and routing of pipelines.  This paragraph is otherwise denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    This paragraph contains legal arguments to which no response is required.  To the extent a response is required, this paragraph is denied.

128.    This paragraph contains legal arguments to which no response is required.  To the extent a response is required, this paragraph is denied.

129.    Denied.

130.    This paragraph contains Navigator's statement of the case and legal arguments to which no response is required.  To the extent a response is required, this paragraph is denied.

## COUNT III: DECLARATORY JUDGMENT

## INVALIDITY OF THE ORDINANCE

131.    The County incorporates by reference its responses to all preceding paragraphs.

132.    This paragraph contains Navigator's statement of the case and legal arguments to which no response is required.  To the extent a response is required, this paragraph is denied.

133.    Denied.

134.    This paragraph contains legal arguments to which no response is required.  To the extent a response is required, this paragraph is denied.

135.    This paragraph contains legal arguments to which no response is required.  To the extent a response is required, this paragraph is denied.

136.    Denied.

WHEREFORE, the County prays that Navigator's Complaint be dismissed with costs assessed against Navigator.

/s/ Jason M. Craig
Jason M. Craig (AT0001707)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone: (515) 243-7611
Facsimile: (515) 243-2149
Email: jcraig@ahlerslaw.com
ATTORNEYS FOR DEFENDANTS

Electronically filed.

Copy to:

Elizabeth A. Culhane
Katherine A. McNamara
FRASER STRYKER PC LLO
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
eculhane@fraserstryker.com
kmcnamara@fraserstryker.com
ATTORNEYS FOR PLAINTIFF

| CERTIFICATE OF SERVICE | | | |
|---|---|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on:  8/23/2023 | | | |
| By: ☐ U.S. Mail | | ☐ Fax | |
| ☐ Hand delivery | | ☐ Private Carrier | |
| ☒ Electronically (via CM-ECF) | | ☐ E-mail | |
| Signature: /s/ Jason M. Craig | | | |